Ruschaupt v. Carpenter.

## RUSCHAUPT v. CARPENTER.

SUPREME COURT.—*Appeal.—Bond.—Stay of Execution.—Supersedeas.*—An appeal will lie to the Supreme Court without filing an appeal bond, but such appeal will not stay execution.

SAME.—*Requiring New Bond, on Insolvency of Surety.*—Where the security on the bond given on appeal to the Supreme Court becomes worthless, that court may, on proper evidence of that fact, order a new bond to be filed, within a reasonable time, and that, in default thereof, execution may issue.

SAME.— *Weight of Evidence.*—The Supreme Court, on appeal, will not disturb a verdict on the mere weight of evidence.

From the Marion Superior Court.

*J. T. Dye* and *A. C. Harris*, for appellant.

*G. H. Chapman, U. J. Hammond* and *J. J. Hawes*, for appellee.

PERKINS, J.—The transcript on appeal of this case to this court was filed on the 7th of August, 1877. On the 28th of January, 1878, an affidavit that the security on the appeal bond had become worthless was filed, and, on notice and motion, it was ordered that a new bond be filed within twenty days. A new bond has not been filed. For default of the appellant in complying with said order, it is now adjudged that the bond filed on the taking of the appeal shall cease to longer operate as a stay of execution on the judgment, and that the clerk of the court below shall, on the proper request of the appellee, the plaintiff below, issue the proper execution on said judgment, the same as if no appeal bond had been filed.

We do not dismiss the appeal, because an appeal may be prosecuted without a bond filed, but such appeal will not stay execution. A bond is necessary, either on taking the appeal, or afterward on obtaining a supersedeas, to stay execution. All of which is ordered to be certified.

This was an action commenced in the Marion Superior Court, by the appellee, against the appellant, upon a

contract. Answer in denial, payment, etc. Reply to the affirmative paragraphs of answer in denial. Trial of the issues by the court; finding and judgment for the appellee, the plaintiff below, in special term. Motion for a new trial, alleging for causes that the finding was contrary to law, was not supported by evidence, and that the damages were excessive. The motion was overruled, and exceptions reserved. The judgment at special term was affirmed, on appeal, in general term.

On appeal to this court, it is assigned for error that the court, in general term, erred in affirming the judgment at special term.

The question here presented is on the weight of the evidence. We can not reverse the judgment in this case on that.

The judgment is affirmed, with costs.