GRIER *v.* STATE OF INDIANA.

[No. 1067S110. Filed September 30, 1968.]

*William C. Erbecker,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Dennis J. Dewey,* Deputy Attorney General, for appellee.

PER CURIAM.—The Appellant, along with one Donald Prather, was charged by affidavit with the crime of First Degree Burglary. Trial was by court and Appellant was found guilty and sentenced to the Indiana State Reformatory for a period of not less than ten (10) nor more than twenty (20). years.

The Appellant was represented at trial by counsel and following his conviction, his counsel filed a Motion for New Trial, which motion reads in part as follows:

> "Comes now the defendant in the above entitled cause and moves the court for a new trial thereof upon the following grounds and for the following reasons:
> 1. That the finding of the court is contrary to law.
> 2. That the finding of the court is not sustained by sufficient evidence."

The Appellant thereafter perfected an appeal to this Court and assigned as error the overruling of the above Motion for New Trial.

This appeal is based on two propositions, namely: (1) that the Appellant was denied due process of law in that there is no evidence that he intelligently waived his right to trial by

jury, and (2) that the finding of the trial court was not established by sufficient evidence.

The Appellant admits that the first alleged error, denial of due process of law by his waiver of right to trial by jury, was not included in his Motion for New Trial. He further acknowledges Rule 2-6 of this Court, which provides in part as follows:

> "In all cases in which a motion for a new trial is the appropriate procedure preliminary to an appeal, such motion shall be filed and shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing of such motion, and an assignment of error on appeal to the effect that the trial court erred in overruling said motion shall be the only means of raising said asserted errors on appeal."

The Appellant argues, however, that this Court will, as it did in *Ford* v. *State* (1967), 248 Ind. 438, 229 N. E. 2d 634, overlook procedural rules when they serve to preclude the consideration of errors which have substantially prejudiced the constitutional rights of the defendant.

In *Ford* v. *State, supra,* relied upon by the Appellant, the facts revealed that the Appellant made a request for a jury trial and was told by the court in effect that he could expect a more severe sentence if convicted by a jury. As this Court found, the facts clearly indicated that the Appellant did not intelligently waive his right to a jury trial.

It can be said therefore that this Court does recognize that certain errors can be presented on appeal and not specified in the motion for new trial, which errors so substantially prejudice the defendant's rights that the procedural requirement of Rule 2-6 "must give way to the fundamental principles of due process." *Wilson* v. *State,* (1943), 222 Ind. 63, 51 N. E. 2d 848.

The instant case presents no proper basis for the application of this limited exception to Rule 2-6 and therefore, the alleged error is not before this Court. This finding obviously neces-

sitates an examination of the alleged error, which examination is made to determine whether or not the record reveals error so prejudicial to the rights of the Appellant that he could not have had a fair trial. The allegations of error concern the following portion of the record:

"*THE COURT:* 67-272, Grier and Prather charge of First Degree Burglary. Sit over there with your lawyers. Do they want a jury trial maybe?

*MR. SMITH* (for Appellant) : He doesn't want any.

*THE COURT:* All the people interested in this case come forward, please, Prather and Grier. Everybody interested in this case, please come forward. Does your client (Appellant) want a jury, Mr. Smith?

*MR. SMITH:* No, he doesn't want any. Sign a jury waiver."

In *Ford* v. *State, supra,* at page 638 of 229 N. E. 2d this Court stated the purposes and rationale of Rule 2-6:

"To preserve order and stability in appellate practice, procedural rules ordinarily must be observed by litigants and may not be ignored by reviewing courts. The primary reason for requiring parties to present all possible grounds for appeal in the motion for new trial is to avoid the necessity of an appeal by giving the trial judge a chance to review the issues complained of and to correct the errors. Timely objections to errors at the trial are required to prevent litigants from deliberately using the errors to get a second trial in the event the first trial goes against them."

The fact that this Court found grossly prejudicial statements by the trial court in *Ford* v. *State, supra,* which statements in effect negated an intelligent waiver of right to trial by jury, does not mean that procedural rules will be disregarded in cases which do not reveal such error. By recognizing that procedural requirements must not be allowed to deny due process of law, we do not create an automatic right to have such rules disregarded in cases, such as the one at bar, in which no such denial of due process or prejudice of substantial rights is demonstrated.

The record before us reveals that Appellant by counsel waived his right to a jury trial. It must be assumed that this

was done after consultation between counsel and Appellant. The record does not reveal prejudicial or influential remarks by the trial court, which remarks constituted the basis for reversal in *Ford* v. *State, supra.* The record is absolutely void of any demonstration of the type and nature of error which this Court requires to justify disregarding the established procedural rules. To hold otherwise, or to discuss further the merits of this issue, would be in practical effect to abolish Rule 2-6.

The Appellant next urges as error that there is insufficient evidence of a breaking and entering. The evidence most favorable to the Appellee reveals that Appellant was found hiding in a shower in the home of one Dorothy Simmons. He was found there by a police officer answering a report of a burglary. Appellant was found with $39.76 in coins on his person and Mrs. Simmons testified that she had approximately $40.00 in coins in plastic containers in the house, which containers were missing. The police officer and Mrs. Simmons testified to "jimmy" marks on the front door, which marks were not there, Mrs. Simmons said, before she left the house. After being advised of his constitutional rights, Appellant told the police officer that he did not have permission to enter the house, that he gained entry to the house by forcing open the front door, that he then locked all doors in the house from the inside, that he had taken money from a bank in the house, and that he had set a radio by the window—planning to take it.

We find that the above facts very adequately satisfy the requirements of proof necessary to sustain a conviction of first degree burglary. See *Higgins* v. *State* (1964), 246 Ind. 62, 202 N. E. 2d 569; *Schweigel* v. *State* (1963), 245 Ind. 6, 195 N. E. 2d 848; *Richardson* v. *State* (1966), 247 Ind. 610, 220 N. E. 2d 345.

The judgment is affirmed.

NOTE.—Reported in 240 N. E. 2d 494.