DAN BENNETT *v*. STATE OF INDIANA.

[No. 2-473A101.  Filed December 26, 1973.]

*John Newton Merritt,* of Noblesville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Defendant-Appellant Dan Bennett (Bennett) appeals from trial court convictions of Second Degree Burglary and Theft, claiming denial of fair trial because of misconduct by the trial judge, this issue not having been

raised in the Motion to Correct Errors or by timely objection during trial.

We affirm.

## FACTS

On October 19, 1972, Bennett was tried by the court sitting without a jury on charges of Burglary in the Second Degree and Theft. The proceedings were punctuated from time to time by comments of the trial judge as to testimony by witnesses and defense counsel's presentation of his case.

Defense counsel did not at any time object to these comments.

Following trial, Bennett was found guilty of the crimes charged and sentenced to imprisonment for two to five years on Burglary and one to five years on Theft.

Bennett's Motion to Correct Errors was timely filed on December 22, 1972. No memorandum was attached. It failed to state the facts and grounds upon which the claimed errors were based. No reference was included as to misconduct by the trial judge or to any other specific error.

Omitting formal parts, the Motion reads:

"Comes now the Defendant, by Counsel, and moves the Court to correct its judgment in the above captioned cause of action for the following reasons:

"1. That there was a denial of a fair trial by any irregularity in the proceeding of the Court, Jury or prevailing party, or any order of Court, abuse of discretion, misconduct of the jury or prevailing party;

"2. That there was surprise which ordinary prudence could not have guarded against;

"3. That the verdict is not supported by sufficient evidence upon all necessary elements to prove the offense charged; and

"4. That there were uncorrected errors of law occurring and properly raised in the proceedings or prior to, at or subsequent to the trial."

Bennett's Motion to Correct Errors was overruled and he appeals claiming misconduct of the trial judge as the sole basis for reversal.

## ISSUE

Is Bennett's Motion to Correct Errors specific enough to present the claimed error of the misconduct of the trial judge?

As our examination of the Motion to Correct Errors causes us to question, sua sponte, the sufficiency of the Motion to Correct Errors, we do not reach the issue of the alleged misconduct of the trial judge argued by the parties.

## DECISION

CONCLUSION—It is our opinion that Bennett's Motion to Correct Errors is not specific enough to present the claimed error of the alleged misconduct of the trial judge.

Unfortunately Bennett has done no more than set out verbatim in his Motion to Correct Errors the language of Rule TR. 59(A)(1), (2), (4), and (5), which lists some of the errors which might be the basis for the trial court granting a new trial or other appropriate relief under Rule TR. 59(E).

The Motion to Correct Errors is required by Rule TR. 59(B) to ". . . be specific rather than general, and shall be accompanied by a statement of the facts and grounds upon which errors are based." Further emphasis to the requirement of specificity as to each error relied upon is provided by Rule TR. 59(G) which states:

". . . such motion shall *separately specify* as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion." (Emphasis supplied.)

The requirement of specificity of the facts and grounds upon which errors are based has been often stated in recent case law: *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227; *Matthew* v. *State* (1972), 154 Ind. App. 182, 289 N.E.2d 336; *Weingart* v. *State* (1973), 157 Ind. App. 597, 301 N.E.2d 222; *State* v. *Hladik* (1973), 158 Ind. App. 223, 302 N.E.2d 544; *Daben Realty Co., Inc.* v. *Stewart* (1972), 155 Ind. App. 39, 290 N.E.2d 809; *Indiana Dept. of State Revenue* v. *Frank Purcell Walnut Lumber Co., Inc.* (1972), 152 Ind. App. 122,

282 N.E.2d 336; *Farley* v. *Farley* (1973), 157 Ind. App. 385, 300 N.E.2d 375; *Ostric* v. *St. Mary's College* (1972), 153 Ind. App. 616, 288 N.E.2d 565.

In effect Bennett's Motion to Correct Errors attempts to raise the issue of misconduct on the part of the trial judge for the first time on appeal. The question is therefore waived. *Certain* v. *State* (1973), 261 Ind. 101, 300 N.E.2d 345; *Spivey* v. *State, supra; Matthew* v. *State, supra; Stephens* v. *State* (1973), 260 Ind. 326, 295 N.E.2d 622.

While the motion to correct errors serves as the complaint on appeal, its primary purpose is to afford the trial court the opportunity to rectify errors it has committed. *Bud Gates, Inc.* v. *Jackson* (1970), 147 Ind. App. 123, 258 N.E.2d 691. Without being informed by a specific statement of the facts and grounds on which the claimed error is based, the trial judge cannot rectify his errors, if any. Were it otherwise, an appellant could propel himself into this or the Supreme Court by general statements of claimed errors, detailed at leisure after his motion to correct errors is overruled. Such a gigantic bootstrap by the appellant is precisely what the rules of appellate procedure are designed to avoid. *See* cases cited above.

Bennett's failure to object to the trial court's conduct during the course of the proceedings also constitutes another basis for waiver of this issue.

An appellant cannot sit idly by without objecting, await the outcome of the trial, and thereafter raise an issue for the first time on appeal. *Dudley* v. *State* (1970), 255 Ind. 176, 263 N.E.2d 161; *Thomas* v. *State* (1967), 248 Ind. 447, 229 N.E.2d 722; *Micks* v. *State* (1967), 249 Ind. 278, 230 N.E.2d 298; *Moore* v. *State* (1972), 154 Ind. App. 482, 290 N.E.2d 472; *Rexroat* v. *State* (1964), 245 Ind. 688, 201 N.E.2d 558. *See also, Dull* v. *State* (1962), 242 Ind. 633, 180 N.E.2d 523; *Harrison* v. *State* (1972), 258

Ind. 359, 281 N.E.2d 98; *Cooper* v. *State* (1972), 259 Ind. 107, 284 N.E.2d 799; *Johnson* v. *State* (1972), 257 Ind. 682, 278 N.E.2d 577; *Capps* v. *State* (1972), 258 Ind. 565, 282 N.E.2d 833; *Hardin* v. *State* (1972), 153 Ind. App. 317, 287 N.E.2d 359; *Barnes* v. *State* (1971), 255 Ind. 674, 266 N.E.2d 617; *Carson* v. *Associated Truck Lines, Inc.* (1969), 143 Ind. App. 431, 241 N.E.2d 78; *Registration and Management Corp.* v. *City of Hammond* (1972), 151 Ind. App. 471, 280 N.E.2d 327.

Having concluded that Bennett's Motion to Correct Errors is fatally defective, our task is not ended. If the claimed error is "fundamental," we are obligated to review such fundamental error. *Kleinrichert* v. *State* (1973), 260 Ind. 537, 297 N.E.2d 822; *Webb* v. *State* (1972), 259 Ind. 101, 284 N.E.2d 812; *Grier* v. *State* (1968), 251 Ind. 214, 240 N.E.2d 494; *Ford* v. *State* (1967), 248 Ind. 438, 229 N.E.2d 634; *Wilson* v. *State* (1943), 222 Ind. 63, 51 N.E.2d 848.

> To justify suspension of established rules of appellate procedure, there must be a finding that the defendant's rights have been so prejudiced that he has been denied a fair trial:

> "This finding obviously necessitates an examination of the alleged error, which examination is made to determine *whether or not the record reveals error* so prejudicial to the rights of the Appellant that he could not have had a fair trial." (Emphasis supplied.) *Grier* v. *State, supra* at 216-17, 240 N.E.2d at 496, decided under Supreme Court Rule 2-6 (requiring the same specificity as Rule TR. 59(B)).

The court in *Grier, supra,* found that the "fundamental error" doctrine did not apply to the facts of the case and summarily dealt with the question:

> "The record is absolutely void of any demonstration of the type and nature of error which this Court requires to justify disregarding the established procedural rules. To hold otherwise, or *to discuss further the merits of this issue, would be in practical effect to abolish Rule 2-6.*" (Emphasis supplied.) 251 Ind. at 218, 240 N.E.2d at 496.

The issue raised by Bennett may be treated with like brevity. The record in this case fails to reveal that commentary by the trial judge constituted error so "fundamental" as to deprive him of a fair trial. *Dixon* v. *State* (1973), 154 Ind. App. 603, 290 N.E.2d 731.

Because no issue is presented by this appeal, Bennett's convictions are affirmed.

Sullivan and White, JJ., concur.

NOTE.—Reported at 304 N.E.2d 827.