CITY OF EVANSVILLE *v.* STEVEN R. COOK.

[No. 1-374A50. Filed December 17, 1974.]

*John C. Cox, Cox, Schroeder, Dodd, Staser & Mitchell,* of Evansville, for appellant.

*Donald R. Ewers, Bates, Ewers & Davis,* of Evansville, for appellee.

LYBROOK, J.—Defendant-appellant City of Evansville (City) appeals from a jury verdict awarding plaintiff-appellee Cook damages in the sum of $4,250 on his complaint for unlawful arrest and detention. The following issues are presented for review:

(1) Whether the trial court erred in giving an instruction which defined unlawful arrest without making reference to the lawfulness of a warrantless arrest based upon probable cause.

(2) Whether it was error to give an instruction which discussed malice.

(3) Whether it was error to use a form of verdict which did not distinguish between compensatory and exemplary damages.

(4) Whether the damages awarded were excessive.

Sometime prior to January 31, 1973, Cook purchased twelve travelers checks with a face value of $100 each from a bank in Washington, Indiana. On January 31, 1973, Cook used one of these checks as payment for a coat purchased from Gilbert's Men and Boys Wear Store in Evansville. After accepting the check Gilbert's presented it to a bank in Evansville for payment. However, it was not honored by the bank due to the fact that prior to making the purchase, Cook had inadvertently exposed the check to water thereby causing the word "VOID" to appear in two places across the top of the check.

After payment was refused, the manager of Gilbert's notified the Evansville Police Department that Cook had passed a fraudulent travelers check. The Evansville police investigated, as did the FBI.

Thereafter, on February 5, 1973, Cook returned to Gilbert's to purchase a sport coat which was on sale. While he was examining it, two police officers approached and informed him that he had either stolen or forged some travelers checks and that he was under arrest. They informed Cook of his constitutional rights, stood him against the wall, ordered him to raise his hands above his head, and conducted a pat down search. Cook was ordered to sit in a chair facing the officers and not to get up. He was kept under guard by the city police officers for 35-40 minutes until an FBI agent arrived. During the next hour and a half, while Cook was being held in the store, he continually attempted to explain to the officers that they were mistaken. Finally, an employee of the Evansville bank arrived and convinced the officers of their error. Cook was released amid the officers' apologies.

## ISSUE 1.

At trial, the following instruction defining unlawful arrest was given:

### "INSTRUCTION NO. 1

Members of the jury, you are instructed that false imprisonment is an unlawful restraint upon one's freedom of locomotion or action, or the deprivation of the liberty of another without his consent.

"False imprisonment is the unlawful arrest or detention of a person without warrant, or on a warrant illegally executed, and the placing of that person either in a prison or a place used temporarily for that purpose, or otherwise detaining a person by force and constraint without confinement.

"It is not necessary that the person unlawfully arrested and falsely imprisoned be placed in a prison or jail, but the false imprisonment may take place by merely unlawfully restraining one's freedom of action."

City maintains that this instruction is erroneous in that it fails to explain that a warrantless arrest is not unlawful if based upon probable cause.

This argument overlooks the fact that the trial court gave another instruction concerning probable cause:

## "INSTRUCTION NO. 8

The term 'probable cause' means that an apparent state of facts existed, which, upon reasonable inquiry, would have induced a reasonable, prudent person to believe that the plaintiff committed the act which was the basis of the plaintiff's detention at Gilbert's Mens Store.

"If you find by preponderance of the evidence that the police officers had probable cause to detain the plaintiff, this finding would constitute a complete defense to this lawsuit for false arrest, and you should find for the defendant and against the plaintiff."

In determining whether an instruction is erroneous it must be viewed together with all other instructions as a whole to determine if the party asserting error has been prejudiced. *Adkins* v. *Elvard* (1973), 155 Ind. App. 672, 294 N.E.2d 160. Applying this standard to the case at bar, it is our opinion that since instruction No. 8 was given, City was not prejudiced by instruction No. 1.

## ISSUE 2.

Secondly, City maintains that it was error to give plaintiff's tendered instruction No. 3 which read:

## "INSTRUCTION NO. 3

In general, it is no defense to an action for false imprisonment that the arresting officer held his prisoner for an unreasonable length of time upon the ground that a delay was necessary in order to investigate the case and procure evidence against the accused.

"Probable cause may afford a defense to an action for false imprisonment where the existence of probable cause makes the detention lawful, but probable cause affords no defense insofar as its presence merely negatives the element of actual malice."

City argues that this instruction was prejudicial in that it implied that evidence of actual malice existed when no

such evidence was elicited at trial. City suggests that this reference to malice would in some manner prompt the jury to award exemplary damages and that the instruction is therefore prejudicial.

In resolving City's argument, we note that the record does not reveal that the jury awarded Cook exemplary damages. We therefore find City's position on this issue untenable. Additionally, in our opinion, any prejudice that might have been suffered by City due to this instruction was cured by the giving of defendant's tendered instruction No. 6 which read:

> "If you find for the Plaintiff, and against the Defendant, and if you further find that the Police Officers involved did not act willfully, recklessly and oppressively, then you will assess damages in an amount to repay the Plaintiff for the actual damages which he suffered, and you may not assess damages in order to punish the Defendant."

## ISSUE 3.

Under its third assignment of error, City contends that it was reversible error to use a form of verdict which did not distinguish between compensatory and exemplary damages when an instruction permitting exemplary damages was given.

We note however, that as appellee points out, City neither objected to the verdict form at trial nor presented an alternative form. As this court has stated previously, a party may not sit idly by without objecting and permit the trial court to act and then attempt to take advantage of an error at a later time. *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827. City must therefore be deemed to have waived any error arising under this issue.

## ISSUE 4.

Finally, City argues that the $4,250 damages awarded Cook were excessive. We do not agree.

In order to justify a reversal on grounds of excessive damages, the amount of damages assessed must appear to be

so unreasonable as to impress the court as being motivated by passion, prejudice and partiality. *Richmond Gas Corp.* v. *Reeves* (1973), 158 Ind. App. 338, 302 N.E.2d 795.

In light of the evidence presented, we are unable to conclude that the damages awarded were motivated by passion or prejudice. We find no error under this issue.

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 319 N.E.2d 874.