Jarvis GREGORY, Jr., Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee.

No. 3–480A99.

Court of Appeals of Indiana,
Third District.

Aug. 14, 1980.

Rehearing Denied Oct. 27, 1980.
See 411 N.E.2d 1264.

F. Joseph Jaskowiak, Hoeppner, Wagner & Evans, Valparaiso, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Jarvis Gregory, Jr. was charged and convicted by jury of two counts of the crime of Child Molesting, a class C felony.[1] He was sentenced to the Indiana Department of Correction for two concurrent sentences of four years on each count.

On appeal, Gregory raises three issues for our consideration:

(1) Were his Fourteenth Amendment rights to due process and equal protection violated when he appeared at voir dire in prison clothing?

(2) Was his Sixth Amendment right to effective assistance of counsel violated by his wearing of prison clothing at voir dire?

(3) Was the judgment of the trial court supported by sufficient evidence?

We affirm.

---

1. IC 1971, 35–42–4–3 (Burns Code Ed. 1979 Repl. Vol.)

## I.
### Fundamental Error

In his brief on appeal, Gregory admits that the alleged errors # 1 and # 2 were not included in his motion to correct errors. He urges us, however, to ignore this usually fatal procedural defect and consider his claims by virtue of the "fundamental error doctrine."

*Citing Grier v. State* (1968), 251 Ind. 214, 240 N.E.2d 494, he explains that this doctrine may be used by an appellate court to enable it to consider an error which has not been properly raised. This may be done, he states, if "the record reveals error so prejudicial to the rights of the Appellant that he could not have had a fair trial." *Grier, supra*, 240 N.E.2d at 496.

Gregory charges that his Sixth Amendment and Fourteenth Amendment rights were violated when he appeared in jail clothing at the voir dire.[2] Urging that this alleged error was of such magnitude as to have denied him fundamental due process, he asks this Court to circumvent the established rules of appellate procedure. In order for us to do so, we must be convinced that an error so pervaded the climate of the proceedings below that when viewed as a whole, the defendant was deprived of any realistic opportunity for a fair hearing. *Winston v. State* (1975), 165 Ind.App. 369, 332 N.E.2d 229.

Such is not the case here. A thorough review of the record persuades us that while Gregory wore jail clothing at his voir dire, he was not compelled to do so. With legal counsel, he had chosen to appear[3] in his coveralls, rather than to wear the dirty civilian clothing in which he had been arrested.[4] The following discussion, held in chambers between Gregory, his counsel and the judge, is particularly pertinent:

"BY THE COURT:

"Q   This is highly unusual.   It is not like the jail does this as a matter of course. Are your clothes, work clothes so dirty?
"A   Yes.
"Q   You rather not wear them in Court?
"A   Sewer, sink lines and things like that.
"BY THE COURT:

Yeah, okay.   It is between what is available in private clothing and what he has got on.   Better off in what he has got on now.
"BY MR. SCHNEIDER:

I would think so.
"BY THE COURT:

Is there any way to get him clothing for tomorrow?   I will give the jury the admonishment.   Have your staff work on that.
"BY MR. SCHNEIDER:

All right.
"BY THE COURT:

Now, the question is do you want him present with you while you are picking a jury?
"BY MR. SCHNEIDER:

We have done it before.   I have had situations like this.
"BY THE COURT:

I will give them the usual admonishment that—"

Before voir dire, the judge admonished the prospective jurors:

"You will notice that the defendant is dressed in blue overalls.   The fact that he is dressed in such a manner is no indication of his guilt.   The guilt or innocence of any defendant who is charged with a criminal act is to be determined by evidence and evidece [*sic*]—evidence myst [*sic*]—evidence must come solely from sworn witnesses and or exhibits.

---

2. Gregory appeared in one-piece coveralls. While this clothing was devoid of any jail identification, it was of a type commonly worn by inmates. He wore this clothing for voir dire only. Apparently, he secured clean civilian clothing for his trial the next day.

3. The court even gave Gregory the option of not appearing at voir dire. His counsel, however, chose to have him present.

4. The attempt to have his work clothes cleaned before the voir dire had been unsuccessful.

"His appearance in no way is to be used by you as any evidence of guilt or any indicator of guilt. He is not in such good circumstances as the rest of us are, but this is in no way any indicator of guilt. He is just not as well off as some of us are.

"We are attempting to get his clothing and hopefully we will accomplish that by the time the trial begins tomorrow morning."

Gregory relies upon *Estelle v. Williams* (1976), 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 and *Smith v. State* (1979), Ind., 396 N.E.2d 898 in his attempt to demonstrate fundamental error. In each case, the defendant was compelled to wear jail garb at his trial. Both cases, however, are inapplicable here as it appears that Gregory, with the affirmative acquiescence of counsel, not only *exercised the option of wearing jail garb*,[5] *but chose to be present* at voir dire as well.

We conclude that the record does not reveal a denial of fundamental due process. As such, we will not disregard the longstanding rule of appellate procedure that a matter cannot be raised for the first time on appeal. *Webb v. State* (1972), 259 Ind. 101, 284 N.E.2d 812.

## II.

### Sufficiency of Evidence

Gregory next claims that there was insufficient evidence to prove beyond a reasonable doubt that he "performed or submitted to any fondling or touching" of the 6-year-old victim "with the intent to rouse his sexual desires." We disagree.

When considering questions concerning the sufficiency of evidence on appeal, this Court will only consider that evidence which is most favorable to the State, together with all the logical and reasonable inferences to be drawn therefrom. *Inman v. State* (1979), Ind., 393 N.E.2d 767. We will neither weigh the evidence nor judge the credibility of the witnesses. *Walters v.*

*State* (1979), Ind., 394 N.E.2d 154. The verdict will not be disturbed if there is sufficient evidence of probative value to support the determination of guilt beyond a reasonable doubt. *Walters, supra.*

The evidence indicates that on July 20, 1979, Gregory, known as the "Candyman" to the neighborhood children, had taken two girls, a 6-year-old and her 8-year-old friend, into the bedroom of his trailer. He was found fondling the oldest child between her legs with his face and hands according to the testimony of the mother of the 6-year-old. She testified that:

"I saw my daughter, [name], standing in the middle of the bed. I saw Jarvis Gregory sitting beside the bed. I saw [the 8-year-old] standing beside the bed, her pants were down, his face was between her legs.

\*     \*     \*     \*     \*     \*

"I said, what do you think you are doing after I opened the door, and he turned around and looked at me and grinned."

Even after therapy, the 6-year-old was quite reluctant to discuss the incident. Her mother explained:

"She doesn't want to talk about it. She gets very upset."

The evidence is contradictory as to Gregory's sexual activity with this child. She stated, in a deposition, that he had molested her "a lot" in his trailer, but that she did not have her pants down on the day her mother had found them. At trial, however, the older child explained that this was not the case. She testified that, on the day in question, Gregory had "pulled down (the 6-year-old's) pants" and had fondled both of them between their legs with his face and hands.

The uncorroborated testimony of the prosecuting witness, even when such witness is a minor, is sufficient to sustain a conviction. *Smith v. State* (1978), Ind.App., 372 N.E.2d 511. We conclude that there is

---

**5.** *See Lyda v. State* (1979), Ind., 395 N.E.2d 776.

sufficient evidence to support the judgment of the trial court.

Judgment affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.