The **BOARD OF SCHOOL TRUSTEES OF BAUGO COMMUNITY SCHOOLS,** Appellant (Plaintiff Below),

v.

**INDIANA EDUCATION EMPLOYMENT RELATIONS BOARD:** Franklin K. De-Wald, as Chairman of the Indiana Education Employment Relations Board; Sharon Poyser and Sarah Borgman, Appellees (Defendants Below).

No. 3–580A145.

Court of Appeals of Indiana, Third District.

Nov. 24, 1980.

William M. Evans, Sarah Evans Barker, Indianapolis, for appellant; Bose, McKinney & Evans, Indianapolis, Spahn, Atwater & Arko, Elkhart, of counsel.

Theodore L. Sendak, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee Indiana Education Employment Relations Board.

Richard J. Darko, Bingham, Summers, Welsh & Spilman, Indianapolis, Gary Boyn, Church, Meteiver, Warrick & Weaver, Elkhart, for appellee Sharon Poyser.

HOFFMAN, Judge.

For the second time, this case is before this Court on appeal. The first decision, reported at 377 N.E.2d 414, reversed and remanded the case to the trial court. In so doing, this Court determined that the trial court had employed an improper standard of review when it reversed an administrative decision of the Indiana Education Employment Relations Board (IEERB). That opinion also found that the IEERB decision was supported by substantial evidence and should not be set aside for any of the reasons enunciated in the Administrative Adjudication Act, IC 1971, 4–22–1–8 (Burns Code Ed.). Thus, a review at this point must determine whether or not the trial court properly complied with the previous opinion of this Court.

On remand, the trial court held a hearing and ruled that Poyser should be reinstated and awarded back pay in the amount of $61,586.45 plus simple interest. The Board of School Trustees of Baugo Community Schools now brings this appeal alleging numerous errors.

■■■ Baugo contends that the findings of the IEERB do not support a determination of an unfair labor practice under intervening decisions of this Court and the United States Supreme Court. Specifically those cases are *Ind. Ed. Emp. Rel. Bd. v. Bd. of Sch. Trust.* (1977), Ind.App., 368 N.E.2d 1163, *trans. denied* and *Mt. Healthy City School District Board of Education v. Doyle* (1977), 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471. No authority has been supplied which would support the retroactive application of these cases. It would appear to be unjust to require the IEERB, in 1975, to comply with standards which had not been articulated by the courts until 1977. Furthermore, this Court has already ruled that, under the standard set forth by the first case above, "the IEERB was justified in concluding that the School Board's reasons for dismissal were a sham." See footnote 4 of the previous opinion. Baugo will not be permitted to relitigate an issue which has previously been decided. The action of the School Board did constitute an unfair labor practice as determined by the IEERB in 1975 and as upheld by this Court in 1978. Further discussion of the question is foreclosed. A judgment on appeal constitutes "the law of the case" as to particular issues decided and is applicable throughout subsequent stages of the case. *Howard Johnson v. Parkside Develp. Corp.*, (1976), 169 Ind.App. 379, 348 N.E.2d 656.

Baugo next alleges the trial court judgment is contrary to law because the filing of a grievance was not the cause of the non–renewal of Poyser's contract. The grievance was filed after the termination notice had been issued. Indeed, this error in the IEERB findings was recognized by the trial court on remand and corrected. The amended conclusions of law state, "Sharon Poyser was terminated due to union activities." Baugo now contends that this finding fails to meet the *Mt. Healthy* test. Because this Court has already determined that *Mt. Healthy* will not be retroactively applied in this case, it is unnecessary to address this argument.

■■ Thirdly, Baugo contends that the trial court was without authority to enter Amended Findings of Fact which differed from the original findings of the IEERB. Under the Administrative Adjudication Act, a trial court may affirm or set aside a decision of an administrative agency but may not determine findings of fact. IC 1971, 4–22–1–18 (Burns Code Ed.). In this case, it appears that the court on remand did make an independent determination of fact. This was in error. To necessitate a reversal by this Court, however, the error must be prejudicially harmful. Such is not the case here. The decision of the Board, as adopted by the trial court, is clearly supported by sufficient evidence and, thus, no reversible error occurred.

■■■ The fourth error specified on appeal is that the award of back pay is con-

trary to law because Poyser failed to mitigate her damages and the award is excessive, unlawful and based on speculation and conjecture. Finding of Fact No. 10 states:

"After her termination, Poyser made efforts to mitigate her damages, including the following:

(a) In the late summer of 1974, she applied for a position as an elementary school teacher at the following school systems: Elkhart, Goshen, Penn–Harris, Wa–nee [sic], South Bend, Mishawaka, Middlebury, and Breman, all of which are in the general vicinity of the Baugo Community Schools. She was not interviewed or offered a position.

(b) In 1975 Sharon Poyser applied at Baugo Community Schools and Indianapolis Public Schools. She also called other schools listed above; she was not offered a position.

(c) In 1976 she inquired at Elkhart and Goshen Schools; she was not offered a position.

(d) In 1977 she applied only at Elkhart. It is unclear whether her application was for permanent or substitute teaching.

(e) In 1978 Sharon Poyser no longer attempted to contact school systems; however, she renewed her efforts in the spring of 1979 by sending applications to all of the schools mentioned in subparagraph (2) above and Nappanee Schools."

These efforts constitute a sufficient attempt by Poyser to mitigate her damages. An employee is not bound to accept employment of a substantially different character or grade or even similar employment in a different locality. Furthermore, the burden is on the employer to prove that the employee failed to mitigate her damages. *Salem Community Sch. Corp. v. Richman* (1980), Ind.App., 406 N.E.2d 269, at 275.

■ The contention that the trial court relied on speculation and conjecture in assessing damages focuses on Poyser's status as an untenured teacher. Because she had no right to be employed after her one–year contract expired, Baugo argues her employment in subsequent years was subject to an unnumbered variety of possibilities and contingencies. This argument was addressed in *Jefferson Consol., etc. v. Ind. Ed. Emp. Rel. Bd.* (1978) (*Worthington–Jefferson III*), Ind.App., 380 N.E.2d 93, which upheld an award of back pay and reinstatement for three untenured teachers who had been illegally discharged. Since the termination was an illegal act, damages may be awarded from the date of that act based on the salary which the teacher would have received until the time the wrong has been remedied. Here, the award was computed using the salary schedules of Baugo Community Schools and reduced by the amount Poyser earned through other employment. A reversal of an award of damages will result only if the award is manifestly excessive or clearly erroneous, a result of passion, prejudice or partiality. *City of Evansville v. Cook* (1974), 162 Ind.App. 465, 319 N.E.2d 874. In this case, damages were within the scope of the evidence and the award will not be reversed.

■■ Baugo next argues that reinstatement and back pay for any school year after the 1973–74 school year are barred by laches. In support, *Haas v. Holder, Trustee* (1941), 218 Ind. 263, 32 N.E.2d 590 is cited. A tenured teacher in *Haas* was denied employment in 1930 and in 1933–38. She did not commence litigation to assert her rights until 1938. Clearly distinguishable are the facts of the present case. Poyser was terminated in the spring of 1974 and shortly thereafter filed her complaint with the appropriate administrative agency. She diligently pursued her complaint through the proper judicial channels. Laches has been defined as "inexcusable delay in asserting a right." *Haas, supra.* No delay in the assertion of rights existed here, and, therefore, laches is not a pertinent defense. No delay occurs when rights are timely asserted but the requested remedy is subsequently modified.

■ Finally Baugo challenges the trial court's award of prejudgment interest and the order of reinstatement. The trial court has the authority to "fashion a reme-

dy to cure whatever injustice has taken place and should give whatever other relief is just and equitable." *Jefferson Consol., etc. (Worthington–Jefferson III), supra.* The reinstatement order is fully supported by the findings of the IEERB. An award of pre–judgment interest rests on a factual determination and this Court may only consider the evidence most favorable to the appellee. *Clow Corp. v. Ross Tp. School Corp.* (1979), Ind.App., 384 N.E.2d 1077. An unreasonable delay in the payment of an ascertainable amount will justify such an award. Here the amount was computed by reference to appellant's own salary schedules and was, therefore, easily ascertainable. The nature of the right abridged, the delay in obtaining relief and the knowledge of Baugo as to its maximum liability are all factual matters which could properly have been considered by the trial court. No abuse of discretion has been illustrated.

For these reasons, the judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.