**BOARD OF SCHOOL TRUSTEES OF the MACONAQUAH SCHOOL CORPORATION, Appellant,**

v.

**INDIANA EDUCATION EMPLOYMENT RELATIONS BOARD, et al., Appellees.**

No. 2–1284A382.

Court of Appeals of Indiana, Second District.

Sept. 29, 1986.

Rehearing Denied Nov. 17, 1986.

Charles R. Rubright, Steven K. Huffer, Bose, McKinney & Evans, Indianapolis, for appellant.

Melinda L. Selbee, Indianapolis, for amicus curiae, Indiana School Boards Ass'n.

Richard J. Darko, Janet C. Knapp, Bayh, Tabbert & Capehart, Indianapolis, for appellees.

SHIELDS, Judge.

The Board of School Trustees of the Maconaquah School Corporation (School Corporation) appeals the trial court's determination the School Board violated the Certificated Educational Employee Bargaining Act (Act), Ind.Code Ann. § 20–7.5–1 (Burns 1985) when it refused to bargain the salary of the summer pool director.

We reverse.

Since approximately 1970, the School Corporation has conducted a community summer pool program at the Maconaquah Middle School. The program is comprised of Red Cross swimming, diving, and water rescue classes; recreational swimming periods; and competitive swimming and diving. Academic credit is not given for any aspect of the program. Although some athletes who swim on school teams in the winter also participate in the competitive part of the summer program, they are not required to do so and some do not.

Daniel R. McCaulley (McCaulley) is the summer pool director on a non-contract, hourly wage basis. As part of his summer duties, McCaulley supervises other teachers and high school and college age students who are also employed at an hourly wage to assist McCaulley with the program. Additionally, McCaulley is responsible for the maintenance of the swimming pool and physical plant. During the school year, McCaulley is employed by the School Corporation as a physical education teacher at Maconaquah Middle School and as head coach for the Middle School boys and girls swim teams. As part of his regular duties under his teaching contract with the School Corporation, McCaulley is in charge of the winter swim program. McCaulley is licensed to teach secondary physical education, social studies, and health.

In the summer of 1981, the Maconaquah Education Association (Association), the exclusive representative of the teachers employed by the School Corporation, requested bargaining with the School Corporation over the wages of the summer pool director. The School Corporation refused.

On or about March 23, 1982, the Association and Anne Pirl, President of the Association, filed a complaint with the IEERB, alleging the School Corporation committed an unfair practice in refusing to bargain the salary of the summer pool director position with the Association in violation of the Act. In its answer to the complaint, the School Corporation admitted it refused to bargain and asserted the Act did not mandate bargaining for that position.

The Hearing Examiner, after conducting two separate evidentiary hearings,[1] found the School Corporation committed an unfair practice in violation of Section 7(a)(5)[2] of the Act by refusing to bargain McCaulley's salary. In support of the determination, the Hearing Examiner noted the School Corporation bargains McCaulley's salary for the regular school year and McCaulley's duties and responsibilities are basically the same in the winter and summer swim programs. The Hearing Examiner then found the School Corporation is "required to bargain teacher compensation, whether for summer or winter teaching, in curricular or extra-curricular programs," and thus the School Corporation's refusal to bargain McCaulley's salary for the summer pool director position was an unfair practice under the Act. The Hearing Examiner recommended the School Corporation be ordered "to bargain with the Association the 1982 salary for the summer pool director" and "to cease and desist, now and in the future, from refusing to bargain the salary for teachers employed to teach in summer programs." Record at 496–500.

The IEERB adopted the Hearing Examiner's Findings of Fact and Conclusions of Law and ordered the Corporation to "cease and desist from refusing to bargain the salary of summer pool director." Record at 539. Both the Association and the School Corporation filed Petitions for Judi-

---

1. The Hearing Examiner conducted the first unfair practice hearing on May 13, 1982. On July 8, 1982, the Hearing Examiner issued his Findings of Fact, Conclusions of Law, and Recommended Order. The School Corporation filed its exceptions to the Hearing Examiner's Report. On December 16, 1982, the IEERB issued an order remanding the case back to the Hearing Examiner for further findings of fact. The Hearing Examiner conducted a remand hearing on February 21, 1983. On April 26, 1983, the Hearing Examiner issued his Report on Remand in which he made additional findings and recommended the same order as in the original report.

2. Ind.Code Ann. § 20–7.5–1–7(a)(5) (Burns 1985).

cial Review,[3] which were consolidated by the trial court.

The trial court affirmed the IEERB finding of an unfair practice, but remanded the matter to the IEERB for the entry of an order requiring the School Corporation to bargain the salary of the summer pool director position for the years the School Corporation had refused to bargain. The School Corporation appeals.

Due to our disposition of this appeal, we address only one issue:

Whether the Certified Educational Employee Bargaining Act requires bargaining the salary for the position of summer pool director?

## DISCUSSION

The Certificated Educational Employee Bargaining Act, Indiana Code Ann. § 20–7.-5–1 (Burns 1985), mandates school employers and school employees, through their exclusive representative, bargain wages, hours, salary, and compensation related fringe benefits. IC § 20–7.5–1–3, 4. Section 2(e) of the Act defines a "school employee" as "any full time certificated person in the employment of the school employer." IC § 20–7.5–1–2(e). The Act defines "certificated employee" in the following manner:

"(f) certificated employee" means a person whose contract with the school corporation requires that he hold a license or permit from the state board of education or a commission thereof as provided in IC 1971, 20–6.

IC 20–7.5–1–2(f).[4]

On appeal, the School Corporation argues the IEERB and the trial court misapplied the statutory scheme and incorrectly determined the summer pool director is a "school employee" whose salary must be bargained under the Act. The School Corporation asserts the IEERB and the trial court incorrectly focused on the similarities between the duties of the summer pool director and McCaulley's duties during the school year and adopted the test that if a position has teaching-like responsibilities then the School Corporation must bargain the salary for that position. The School Corporation argues the test is whether the State Board of Education has established a licensing requirement for the particular position. If the State Board of Education mandates a license for the position, the person holding the position is a "certificated employee"; and, if the person is a full time employee, he or she is a "school employee" whose salary must be bargained under the Act. If licensing is not required by the State Board of Education, the person holding the position is not a "certificated employee" and thus not a "school employee" whose salary must be bargained under the Act. Accordingly, the School Corporation contends it was not required to bargain the salary for the position of summer pool director because the State Board of Education does not require a license for the position.[5] Conversely, the Association argues the statutory test, and the one utilized by the IEERB and the trial court, is whether *either* the State Board of Education or the School Corporation requires a license or permit from the State Board of Education for the particular position. If such a requirement is imposed, and the Association argues the School Corporation made such a requirement in this case, the School Corporation must bargain the terms of employment of the person holding the position.

In performing its review of the trial court's decision, this court must give effect to the plain meaning of the language utilized in the Act unless such construction is plainly repugnant to the legislature's intent. *Indiana State Highway Commis-*

---

**3.** The Association challenged the adequacy of the relief; the School Corporation challenged the grant of relief.

**4.** Similarly, the Act defines "non-certificated employee" as "any school employee whose employment is not dependent upon the holding of

a license or permit as provided in IC 1971, 20–6." IC 20–7.5–1–2(g).

**5.** It is undisputed the State Board of Education has not established a licensing requirement for the position of summer pool director.

---

*sion v. Indiana Civil Rights Commission* (1981), Ind.App., 424 N.E.2d 1024. Applying this standard to the statutory definition of "certificated employee," we conclude the dispositive inquiry in determining whether an employee is "certificated" is whether the school corporation in its contract with the employee requires a license or permit from the State Board of Education for the position.

■ The State Board of Education is responsible for licensing teachers and has the authority to determine the kind of license required for each school position. IC § 20–6.1–3–1, –3. In turn, School Corporations must hire individuals who hold the proper license for the position for which they are hired. *Switzerland County School Corp. v. Sartori* (1982), Ind.App., 442 N.E.2d 702. However, there is no statute which precludes school corporations from imposing higher requirements than those imposed by the State Board of Education for any particular position. If a school corporation exercises this option and contractually requires a state license for a particular position, although the State Board of Education does not, the licensed individual holding the position is a "certificated employee" and, if employed full time, is a "school employee" whose terms of employment must be collectively bargained.

■ Having ascertained the proper test to determine whether the School Corporation must bargain with respect to a particular position, we turn to the Findings of Fact and Conclusions of Law made by the IEERB and affirmed by the trial court. The IEERB did not find the School Corporation requires a license or permit from the State Board of Education for the position of summer pool director. In fact, there appears to be a finding to the contrary.[6] Therefore, the decision of the IEERB is erroneous because the IEERB's ultimate conclusion, *i.e.,* the School Corporation committed an unfair practice by its refusal to bargain, is not suported by its findings. Further, the trial court's decision affirming the IEERB determination is erroneous because the trial court substituted its judgment for that of the IEERB and made the essential finding necessary to uphold the IEERB's conclusion, *i.e.,* the School Corporation requires the summer pool director to be state licensed, which the IEERB failed to make.[7]

In reviewing an administrative agency decision, the trial court may not weigh the evidence presented at the administrative proceedings and determine findings of fact. *Board of School Trustees v. Indiana Education Employment Relations Board* (1980), Ind.App., 412 N.E.2d 807; *see Hunt v. Shettle* (1983), Ind.App., 452 N.E.2d 1045.

Accordingly, the trial court's affirmance of the IEERB's finding of an unfair practice is not in accordance with the law. We

---

**6.** Although this finding is somewhat ambiguous, a reasonable reading is the Respondent School Corporation did not require the summer pool director to hold a license or permit from the State Board of Education:

"6. The Respondent's swimming pool and facilities, located at the middle school, are used for its middle school and high school winter and summer swim programs. Both winter and summer programs consist of swimming instruction, competitive swimming and diving, and community-recreation swim periods. Course credit is given for the winter physical education courses; no credit is given for the summer program. The minimum credential requirement for a summer instructor is Red Cross certification in water safety instruction; the teacher is not required to be state certified."

Record at 497.

**7.** The trial court made the following findings with respect to the requirement of state certification:

"11. There is substantial evidence in the record to support the IEERB determination that the School Board has, for at least the past 14 years, required state certification for the individual holding the position of summer pool director.

12. The Act requires the School Board to bargain the salary for its certificated employees. The fact that the course is taught without credit being granted to the students does not alter the fact that the School Board requires certification for the individual who holds the position of summer pool director."

Record at 850.

reverse the trial court's judgment and re-mand this cause to the trial court with instructions to vacate the IEERB decision and to remand the matter to the IEERB for further proceedings.

MILLER, J., sitting by designation, con-curs.

SULLIVAN, J., concurs.