The BOONE COUNTY STATE BANK as Conservator and Guardian Ad Litem of Julia Frances Riggins, Appellant (Respondent Below),

v.

Sue A. ANDREWS, et al, Appellees (Petitioners Below).

No. 1–882A233.

Court of Appeals of Indiana, First District.

March 17, 1983.

Martin, Wharry & Disler, Lebanon, for appellant.

Lawrence D. Giddings, Peyton, Giddings, Whitsitt, Baker & McClure, Lebanon, for appellees.

ROBERTSON, Presiding Judge.

The Boone County State Bank (Bank), as conservator and guardian ad litem of Julia Frances Riggins (Riggins), appeals the decision rendered in favor of Sue A. Andrews and the heirs apparent of Riggins (hereinafter referred to as heirs apparent). The bank is seeking a reversal of an order to execute an estate plan.

We affirm.

The facts disclose that the heirs apparent petitioned the trial court for an order to execute an estate plan for Riggins. Riggins is an incompetent ward with assets worth approximately $900,000. She was ninety-eight years old at the time of the trial court's ruling, unable to manage her affairs and with very little likelihood of improvement. The trial court, pursuant to Ind.Code 29–1–18–33(c), granted the petition to execute an estate plan and ordered the bank to make gifts of $6,000 to Riggins's nieces and nephews as her heirs apparent.

This case is a case of first impression in Indiana involving the interpretation of I.C. 29–1–18–33(c). This section provides:

(c) Upon application of the guardian or any interested party, and after such notice to all other interested persons and such other persons as the court shall direct, and upon a showing that the ward will probably remain incompetent during his lifetime, the court may, after hearing and by order, authorize the guardian to apply or dispose of such principal or income of the ward's estate as the court may determine to be in excess of that likely to be required for the future care, maintenance and education of the ward, or for the future care, maintenance and education of his dependents during the ward's lifetime, in order to effect and carry out such estate planning as the court may determine to be appropriate for the purposes of minimizing current and prospective income and estate or other taxes payable out of the principal or income of the ward's estate or by reason of the property in the ward's estate at his

death, including authorization for the guardian to make gifts, outright or in trust, on behalf of the ward, to or for the benefit of prospective legatees, devisees or heirs apparent of the ward, which may include any person serving as guardian of the ward, or to other individuals or charities, as to whom or which it may be shown that the ward had an interest. In addition, the court may also authorize the guardian to apply or dispose of the excess principal or income for any other purpose the court decides is in the best interests of the ward, his estate, his spouse, or his family. In any hearing upon such application, the court shall determine whether the planned disposition is consistent with the apparent intention of the ward, which determination shall be made on the basis of evidence as to the ward's declarations, practices or conduct or, in the absence of such evidence, upon the court's determination as to what a reasonable and prudent man would do under the same or similar circumstances as are shown by the evidence presented to the court.

The bank asserts that the language "best interests of the ward, his estate, his spouse, or his family" limits the provisions of I.C. 29–1–18–33(c) to the direct descendants of the ward. In the present case, the ward's heirs apparent are the nieces and nephews, or their issue, and thus, the bank argues, they cannot avail themselves of the statutory provisions. The bank alleges that Riggins had no present donative intent, and argues that such a finding is necessary to authorize an order pursuant to the statute.

■ It is a fundamental rule of statutory construction that a court may not interpret a statute which is plain and unambiguous on its face. *Flynn v. Klineman,* (1980) Ind.App., 403 N.E.2d 1117. In construing a statute, we must construe the statute in accordance with the plain meaning and cannot apply a construction which is not in accordance with the clear and express purpose of the statute. *Livingston v. Consolidated City of Indianapolis,* (1979) Ind.App., 398 N.E.2d 1302.

■ We believe that the bank has misinterpreted the language of I.C. 29–1–18–33(c). The language "best interests of the ward, his estate, his spouse, or his family" is a proviso to allow the guardian to apply or dispose of excess principal and income for additional reasons other than tax-savings. I.C. 29–1–18–33(c) provides that a "guardian or any interested party", after proper notice and a determination that the ward will probably remain incompetent, may petition the court to dispose of excess income or principal in order to minimize federal income and estate taxes. In construing a statute, it is just as important to recognize what a statute does not say as it is to recognize what the statute does say. *Van Orman v. State,* (1981) Ind.App., 416 N.E.2d 1301. The statutory language is not limited to direct descendants of the ward, but it permits interested parties to bring these actions. The heirs apparent are without question interested parties in the present case.

■ The bank also alleges the trial court erred by entering the order without a finding that the ward had a present donative intent. The trial court admitted that there was very little evidence establishing present donative intent, but entered its order pursuant to the reasonable and prudent man standard. The bank has again misinterpreted the statute. The statute clearly provides:

> In any hearing upon such application, the court shall determine whether the planned disposition is consistent with the apparent intention of the ward, which determination shall be made on the basis of evidence as to the ward's declarations, practices, or conduct or, *in the absence of such evidence, upon the court's determination as to what a reasonable and prudent man would do under the same or similar circumstances as are shown by the evidence presented to the court.* (Emphasis added).

The statute authorizes the court, in the absence of evidence establishing donative intent, to substitute its judgment by employing a reasonable and prudent man stan-

dard. In the present case, the trial court found an absence of present donative intent, but authorized the order pursuant to the reasonable man standard. The trial court acted in accordance with the statute and certainly the disposition to the only living relatives was reasonable.

The bank contends that it was improper for the court to substitute its judgment because the statute was contrary to prior case law and the statute usurps the duties of the conservator. The statute authorizes the trial court to substitute its judgment in the absence of donative intent. If this court were to adopt the construction forwarded by the bank, we would be adopting an interpretation which is directly contrary to the statute's language and thus, contrary to the rules of statutory construction. *See: Livingston v. Consolidated City of Indianapolis, supra.* The fact that I.C. 29–1–18–33(c) alters the prior case law is consistent with the rules of statutory construction which hold that an amendment changing the wording of a statute raises a presumption of legislative intent to change prior meaning of statute, unless it clearly appears that the amendment was made only to express the original intention of the legislature. *Bowman v. State,* (1979) Ind.App., 398 N.E.2d 1306. We believe that the language of the statute clearly authorizes a trial court to substitute its judgment in proper situations, by utilizing the reasonable man standard. We remain unpersuaded that the trial court erred in its determination.

Judgment affirmed.

RATLIFF and NEAL, JJ., concur.