**INDIANA COLLECTORS, Appellant (Respondent Below),**

v.

**Patricia CONRAD, Allen County Clerk, Appellee (Petitioner Below).**

**No. 3–1283A419.**

Court of Appeals of Indiana,
Third District.

July 31, 1984.

Rehearing Denied Oct. 2, 1984.

Paul C. Raver, Sr., Denver C. Jordan, Raver & Associates, Fort Wayne, for appellant.

Paul B. McNellis, Christine A. DeSanctis, Fort Wayne, for appellee.

STATON, Presiding Judge.

The Clerk of the Allen Circuit and Superior Courts requested the Circuit Court to determine whether certain fees are chargeable to litigants in small claims actions. Pursuant to that request, the court authorized the collection of fees "in aid of the jurisdiction" of the small claims court. It then allowed Indiana Collectors to intervene and initiate this appeal, in which one issue is raised:

Whether in addition to the county docket fee other docket and clerk's service fees may be collected from litigants in small claims actions.

Reversed.[1]

This case involves a dispute between the Clerk of the Allen Superior Court and Indiana Collectors (a group of collection agencies which frequently litigate in the small claims division of the Allen Superior Court) concerning fees charged by the Clerk for filing documents relating to the collection of judgments rendered by the small claims court. The Clerk filed a petition in the Circuit Court seeking a determination as to whether she was entitled to collect fees listed in IC 33–1–9–1.1 and IC 33–1–11–1 from small claims litigants. The Circuit Court determined that such fees were collectible from small claims litigants. Indiana Collectors appeal, contending such charges are prohibited by IC 33–10.5–8–7. We agree.

IC 33–10.5–8–7 provided:

"Sec. 7. The costs in cases on the small claims docket of a circuit, superior, or county court, including those involving actions by a municipal corporation for ordinance violations, are as follows:

(1) A county docket fee of ten dollars ($10.00) to include service of process by registered mail.

(2) The costs of publication of notices, if any, or sheriff's costs for the service of any writ, process or other papers issued by the court, or the proper officer thereof, as are required by law to be taxed and charged for like services in circuit courts.

(3) Witness fees, if any, in an amount as is provided for by law in circuit court.

*The county docket fee prescribed in this subsection is in lieu of any docket fee or clerk's service fee required by law to be taxed by circuit courts in civil actions and shall be paid upon the institution of each civil case."*

West's AIC [emphasis added].

 Where statutory language is clear and unambiguous, it is the duty of this Court to give effect to the plain meaning of the statute. *Boone County State Bank v. Andrews* (1983), Ind.App., 446 N.E.2d 618; *Beasley v. Kwatnez* (1983), Ind.App., 445 N.E.2d 1028. The language employed by the legislature in IC 33–10.5–8–7 is clear. Except for the fees provided for in subsections two and three of that statute, in small claims cases the ten dollar county docket fee is paid in lieu of *any* other docket fee or Clerk's service fee. *See Matter of Public Law No. 305 and Public Law No. 309* (1975), 263 Ind. 506, 334 N.E.2d 659. Thus, the decision of the trial court allowing the Clerk to charge other docket and service fees must be reversed.

Reversed.

HOFFMAN and GARRARD, JJ., concur.

---

**1.** The statutes at issue in this case were repealed, effective March 1, 1984. The laws relating to Circuit Court Clerks were recodified in P.L. 171–1984.