Abraham Abate ALI and Fort Wayne
Metropolitan Human Relations
Commission, Appellants,

v.

GREATER FORT WAYNE CHAMBER
OF COMMERCE, Appellee.

No. 02A03–8604–CV–116.

Court of Appeals of Indiana,
Third District.

March 24, 1987.

Steven L. Jackson, Fort Wayne, for appellants.

J. Timothy McCaulay, Helmke, Beams, Boyer & Wagner, Fort Wayne, for appellee.

STATON, Judge.

Abraham Abate Ali (Ali) alleged that the termination of his employment with the Fort Wayne Chamber of Commerce (Chamber) was the result of discrimination based on national origin. The Fort Wayne, Indiana, Metropolitan Human Relations Commission (MHRC) determined that Ali was the victim of discrimination, and awarded him $7,200.96. That order was reviewed by the trial court and denied. Ali has appealed the trial court's judgment, and presents the following issue for review:

Whether the trial court employed an improper standard of review when it denied the recommended order of the administrative agency.

Affirmed.

 Judicial review of an administrative order or decision is limited to consideration of whether the agency possessed jurisdiction over the matter decided and whether the order was made in conformity with proper legal procedure. A reviewing court will also determine whether the administrative decision was based on substantial evidence and whether the decision violates any statutory or legal principal. *Bolerjack v. Forsythe* (1984), Ind.App., 461 N.E.2d 1126, 1130, *trans. den.* In the instant case, the trial court's explanation of why it denied the MHRC's order was as follows:

The Court finds that although substantial evidence is present in the record to support the basic facts found in paragraphs numbered 9 through 20 of the Findings of Facts and Conclusions of Law and Recommended Order of the Metropolitan Human Relations Commission, there is not substantial, reliable and provative [sic] evidence that the Commission's ultimate finding, decision and determination is so supported. Therefore, the Court cannot reasonably find from this record that the ultimate fact, i.e. termination of employment because of discrimination of national origin is supported by substantial evidence.

R. 583.

Ali's allegation of error is that by accepting the basic facts found by the MHRC but rejecting its ultimate conclusion, the trial court improperly reweighed evidence and substituted its judgment for that of the administrative agency. *Johnson v. Moritz* (1981), Ind.App., 426 N.E.2d 448, 450.

The "proper procedure" for administrative decision making was set down as follows:

The process necessarily includes at least four parts: (1) evidence must be taken and weighed, both as to its accuracy and credibility; (2) from attentive consideration of this evidence a determination of facts of a basic or underlying nature must be reached; (3) from these basic facts the ultimate facts, usually in the language of the statute, are to be inferred, or not, as the case may be; (4) from this finding the decision will follow by the application of the statutory criterion.

*State ex rel. Newton v. Board of School Trustees* (1984), Ind.App., 460 N.E.2d 533, 545, *trans. den.* (citations omitted).

In the instant case, the basic facts found by MHRC are that Ali, who is not a United States citizen, is of Ethiopian origin. He was employed by the Chamber as a maintenance worker, and that there was more animosity between Ali and John Porter, the Chamber's head of maintenance, than between Porter and other maintenance workers. Too, unlike other workers, Ali was often given heavier workloads and ordered to work alone. Porter persuaded Ali to accept these conditions by telling him that he would have difficulty finding another job because he did not speak English very well. Ali was discharged after he was discovered taking an unauthorized break in a storeroom. Another maintenance worker who was assigned to work with Ali, was getting a drink of water when Porter fired Ali. This worker was not disciplined for taking an unauthorized break.

Another basic fact was that the Chamber had no formal written rules of discipline, nor any formal work rules at the time Ali was discharged. Individuals were hired, disciplined and terminated when the supervisor wanted to do so.

■ The trial court determined that there was substantial evidence to support the basic facts found by the MHRC, however, it did not find substantial evidence to support the ultimate fact that there was discrimination because of Ali's national origin. While great weight must be given to the administrative body's findings, ultimate facts, defined as factual conclusions derived from basic facts, are subject to a reasonableness standard of review. *Indiana Civil Rights Comm. v. City of Muncie* (1984), Ind.App., 459 N.E.2d 411, 419, *trans. den.* (the reasonableness of an agency's inference is a matter of law); *City of Evansville v. Southern Indiana Gas & Electric Co.* (1975), 167 Ind.App. 472, 339 N.E.2d 562, 572–73. In the instant case, it is clear that whether the ultimate fact of discrimination based on national origin was a reasonable inference from the basic facts, is a question of law properly subject to the scrutiny of the trial court. *Indiana Civil Rights Commission, supra,* 459 N.E.2d at 419. Ali's complaint to the MHRC was based on a theory of disparate treatment. This type of discrimination occurs when an employer simply treats some people less favorably than others because of their race, color, religion, sex or national origin. When this type of treatment is alleged, this Court has held that the motive behind it is highly significant and dispositive. *Id.* at 418. Although the MHRC found that Ali was treated differently than other maintenance workers, the trial court decided that the evidence did not substantiate that Ali was treated differently because of his national origin.

The only basic fact from which to infer that the discriminatory treatment Ali received was due to his national origin was that Porter referred to Ali's inability to clearly speak and understand English. It might be reasonable to infer from this that Porter was biased against Ali because of his problems with English, but it does not lend itself to an inference that Porter was biased against Ethiopians in particular. The narrow focus of the protection afforded by the Civil Rights Act with respect to national origin discrimination is revealed in the following passage:

The EEO Act (Equal Employment Opportunity Act, Title VII, 42 U.S.C. § 2000(e)–2) does not prohibit all arbitrary employment practices ... It is directed only at *specific* impermissible bases of discrimination—race, color, religion, sex or national origin. National origin must not be confused with ethnic or sociocultural traits or an unrelated status such as citizenship or alienage, or poverty, or with activities not connected with national origin ...

*Garcia v. Gloor* (C.A.5, 1980), 618 F.2d 264, 269, *cert. den.*, 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (emphasis supplied).

■ Although this court is not bound by federal decisions, in other Indiana cases they have been found to be helpful in interpreting Indiana's Civil Rights Act, West's AIC 22-9-1-2. *Indiana Civil Rights Commission, supra,* 459 N.E.2d at 418. The teaching from *Garcia, supra,* is persuasive since our state statute parallels the federal law in that discrimination based solely on expressed grounds is proscribed. Under our state statute the specified proscriptions are race, religion, color, sex, handicap, national origin or ancestry. IC 22-9-1-2(a). Illegal practices are limited to those specified by the legislature, and in the instant case, Ali's fluency in English is not by itself proof of discrimination based on national origin. To be entitled to relief, there must be more than a disappointment borne by an employee who happens to fit characteristics of a protected class. *Indiana Bell Telephone Co., Inc. v. Boyd* (1981), Ind. App., 421 N.E.2d 660, 667, *reh. den.*

To establish a prima facie case of disparate treatment, the plaintiff must show membership in a protected class, qualification for the position, and different treatment than nonmembers of the class. *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668, 677. In the instant case, Ali's allegation of disparate treatment was based on national origin, so there must be some showing of a nexus between his discharge and the fact that he is Ethiopian. Although the burden of establishing a prima facie case is not onerous, the plaintiff

has the burden of proving by a preponderance of the evidence a prima facie case. *Id.* Since Ali has not carried his burden, the trial court's decision was correct as a matter of law.

Since Ali has not established a prima facie case, we need not address the other matters relating to whether the Chamber articulated a legitimate, nondiscriminatory reason for Ali's discharge, or whether Ali established that the Chamber's reasons were a pretext for discrimination. *Texas Department of Community Affairs v. Burdine* (1981), 450 U.S. 248, 252–3, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207, 215 (in disparate treatment cases, the burden of proof is first, plaintiff's prima facie case; second defendant's reasons; and third, plaintiff's rebuttal).

The trial court's decision is affirmed.

GARRARD, P.J., and HOFFMAN, J., concur.