**Bill HELTZEL and Howard Publications, Inc., d/b/a The Times, Appellants (Plaintiffs Below),**

v.

**Daniel D. THOMAS, M.D., Lake County Coroner, Appellee (Defendant Below).**

No. 45A03–8703–CV–75.

Court of Appeals of Indiana, Third District.

Dec. 17, 1987.

Rehearing Denied Jan. 20, 1988.

Fred M. Cuppy, Kathryn D. Schmidt, Merrillville, for appellants.

Edward H. Feldman, Highland, for appellee.

STATON, Judge.

Bill Heltzel (Heltzel) is an investigative reporter employed by Howard Publications, Inc., publisher of *The Times.* He was researching a story about the Lake County Coroner's Office and requested copies of its files. Dr. Daniel Thomas (Thomas) did not comply and Heltzel filed suit pursuant to The Access to Public Records Act (Act), West's AIC 5–14–3–1 (Supp.1987).

Responding to motions for summary judgment by Heltzel and Thomas, the trial court ruled that 1) the coroner was a law enforcement officer who could exercise discretion in disclosing documents, 2) that Thomas did not abuse his discretion, and 3) that Thomas' records were not separable into disclosable materials that had to be

made available under West's AIC 5–14–3–8 (Supp.1987).

Heltzel appeals that decision and presents the following issues for our review.

1. Whether the trial court erred by holding that the coroner's office was a law enforcement agency under the Act;

2. Whether the trial court erred by not holding that Thomas abused his discretion by withholding his files;

3. Whether the trial court erred by holding that the Thomas' files were not separable;

4. Whether the trial court misapplied the Act by failing to give it a liberal construction and by placing the burden of proof on Heltzel rather than Thomas;

5. Whether the trial court made a finding of fact when it ruled on the motion for summary judgment; and

6. Whether the trial court erred by holding that certain information from Thomas' files is available elsewhere.

Affirmed.

The initial question we must address is whether the requested files are investigatory records of a law enforcement agency. "Investigatory records" consist of information compiled in the course of the investigation of a crime, West's AIC 5–14–3–2 (Supp.1987), and they are exempt from the disclosure requirements of the Act at the discretion of the law enforcement agency. West's AIC 5–14–3–4(b)(1) (Supp.1987). Heltzel argues that the coroner only investigates deaths and not crimes so the above mentioned exception does not apply.

■ A county coroner is notified whenever a person has died from violence or casualty, or when in apparent good health. A coroner also investigates deaths whenever a body is found, or when a person dies under apparently unusual, unnatural or suspicious circumstances. West's AIC 36–2–14–6 (Supp.1987). Case law makes it clear that a coroner's investigation is not discretionary, nor is it based upon a prior suspicion that a crime is involved. *Stath v. Williams* (1977), 174 Ind. App. 369, 373, 367 N.E.2d 1120, 1123.

The records sought by Heltzel are a compilation of facts about the scene where the body was located and its condition. It contains a narrative of the coroner's observations, which may also include the impressions of law enforcement personnel present who are required to assist the coroner pursuant to IC 36–2–14–6. This investigative report is used to aid in the determination of the cause of death, and it often becomes part of the files of the prosecutor and the police. The coroner is required to file a certificate of death within seventy-two (72) hours and to file a report with the local health officer as soon as possible. IC 36–2–14–6(b).

■ Even though the coroner is not a law enforcement officer as defined by West's AIC 35–41–1–17(a) (Supp.1987), for purposes of the Act, the trial court ruled that the coroner's office is a law enforcement agency. We agree.

A law enforcement agency is defined by the Act as follows:

... an agency or department of any level of government that engages in the investigation, apprehension, arrest, or prosecution of alleged criminal offenders, such as the state police department, the police or sheriff's department of a political subdivision, prosecuting attorneys, members of the excise police division of the alcoholic beverage commission, and conservation officers of the department of natural resources;

West's AIC 5–14–3–2 (Supp.1987). The following statutes illustrate that indeed, the coroner does have the power to engage in the investigation, apprehension, arrest, or prosecution of alleged criminal offenders.

It is undisputed that the coroner conducts investigations into deaths which often involve crimes. IC 36–2–14–6 provides that law enforcement agencies shall assist the coroner when he performs his investigatory duties, and the coroner has subpoena powers under West's AIC 36–2–14–7(a) to facilitate those duties. Following an investigation, a coroner is empowered to

charge a person with a felony and issue an arrest warrant. West's AIC 36–2–14–12. Moreover, under certain circumstances, the coroner has the power to perform the duties of the county sheriff. West's AIC 36–2–14–4. Given the various powers listed above, the trial court did not err by deciding that, as a matter of law, the coroner satisfied the definition of a law enforcement agency for purposes of the Act. Next, we must determine whether Thomas abused his discretion or acted arbitrarily or capriciously by withholding his files.

The trial court noted that undisputed testimony at the hearing on the motion for summary judgment established that at the time of a death investigation by the coroner, it is often difficult to determine whether that particular case will be the subject of a criminal prosecution. For this reason, the trial court decided that Thomas' decision to withhold his records was not arbitrary or capricious, nor was it an abuse of the discretion afforded him under the Act. This same rationale was used to explain why Thomas was unable to separate disclosable from non-disclosable material pursuant to the mandate of West's AIC 5–14–3–6 (Supp.1987).

■ In order to constitute an abuse of discretion, the agency's decision must be clearly against the logic, facts, and circumstances before it, including reasonable inferences therefrom. *Indiana Civil Rights Com'n v. Culver Ed. Found.* (1987), Ind. App., 510 N.E.2d 206, 212, *reh. den.* In order to be arbitrary and capricious, an action must be without consideration or in disregard of the facts and circumstances of the case, and it must be without some basis which would lead reasonable and honest people to the same conclusion. *Id.*

The trial court ruled that the agency's action did not fall outside the bounds established by the above standards because the reports requested by Heltzel were not remote in time. It reasoned that since the requested reports were for the last two and one-half (2½) years, there is a likelihood that some of the coroner's investigative reports involve criminal matters not yet charged. It further reasoned that if the

reports were sufficiently remote in time that they are not likely to be involved in a criminal investigation, disclosure or separation might be possible.

■ Given our review of the thirty-seven (37) investigative reports which were made part of the record and viewed *in camera* by the trial court, plus the testimony of numerous witnesses regarding these reports, we cannot say that Thomas' decision to withhold them was in disregard of the facts and circumstances of this case. Accordingly, the trial court did not err when it ruled that Thomas neither abused his discretion or acted arbitrarily or capriciously. Next, we must consider whether the trial court failed to give the Act a liberal construction as required by West's AIC 5–14–3–1 (Supp.1987).

■ In its memorandum, the trial court acknowledged the legislative mandate that the Act be liberally construed. Moreover, the trial court explained that it must look to the plain language of the Act to determine and give effect to the legislative intent. West's AIC 1–1–4–1 (Supp.1987). A court may not interpret a statute which is plain and unambiguous on its face. *Boone County State Bank v. Andrews* (1983), Ind.App., 446 N.E.2d 618, 620.

■ The Act clearly indicates that the public is to have access to the affairs of government and the official acts of those who represent them. It also provides for certain exceptions, however, and investigatory records of a law enforcement agency is one of them. Liberal construction does not mean that expressed exceptions specified by the legislature are to be contravened. *See, e.g., Evansville–Vanderburgh County Dept. of Health v. Evansville Printing Corp.* (1975), 165 Ind.App. 437, 444, 332 N.E.2d 829, 834, *trans. den.* (newspaper denied access to certain information in health officer's files).

■ Heltzel also contends that the trial court erroneously placed the burden of proof on him. In its memorandum, the trial court held that since the Act favors disclosure, Thomas had to establish that the coroner was a law enforcement agency.

It ruled that Thomas satisfied this burden for summary judgment purposes after hearing testimony of witnesses and legal argument from both sides. We note that the coroner's status under the Act was decided not by weighing evidence but as a matter of law.

Much of the coroner's evidence was not disputed by Heltzel, and the trial court made its decision based on that evidence. At all times the burden of persuasion was on the coroner, who was entitled to summary judgment because Heltzel did not put material facts at issue. A fact is "material" only if it facilitates resolution of any of the issues either for or against the party having the burden of proof on that issue. *Indiana University Hospitals v. Carter* (1983), Ind.App., 456 N.E.2d 1051, 1057, *reh. den.* Heltzel's contention that the trial court improperly shifted the burden of proof is without merit. Heltzel merely failed to produce any evidence to place a material fact at issue or to show that the coroner was not a law enforcement agency.

The remainder of the issues raised by Heltzel, whether the trial court erroneously made findings of fact and whether one of the factual findings was incorrect, suffer the same defect. Keeping in mind that the coroner's status under the Act was decided as a matter of law, allegations of factual errors are harmless since they are not material to resolution of the ultimate issue in this case.

The judgment of the trial court is affirmed.

GARRARD, P.J., and HOFFMAN, J., concur.