**Bill HELTZEL and Howard Publications, Inc., d/b/a The Times, Appellants (Plaintiffs Below),**

v.

**Daniel D. THOMAS, M.D. Lake County Coroner, Appellee (Defendant Below).**

No. 45A03–8703–CV–75.

Supreme Court of Indiana.

Oct. 19, 1988.

Frederick F. Eichhorn, Jr., Richard A. Hanning, Charles W. Webster, Eichhorn, Eichhorn & Link, Hammond, for appellants.

Edward H. Feldman, Highland, for appellee.

PER CURIAM.

Petition to transfer denied.

DICKSON, Justice, dissenting from denial of transfer.

All persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. This is the public policy of Indiana, as declared in section one of the Access to Public Records Act. Ind.Code § 5–14–3–1. Further, the Act is to be "liberally construed to implement this policy and place the burden of proof for the nondisclosure of a public record on the public agency that would deny access to the record and not on the person seeking to inspect and copy the record." *Id.*

Against the backdrop of this policy of access to information and liberal construction, Bill Heltzel, an investigative reporter for Howard Publications, Inc., d/b/a *The Times*, asked to see Lake County Coroner case reports for deaths occurring in the years 1984 through 1986. The coroner refused, and Heltzel and *The Times* filed suit, seeking relief under the Act. The trial court granted the coroner's motion for summary judgment and was affirmed by the Court of Appeals. *Heltzel v. Thomas* (1987), Ind.App., 516 N.E.2d 103.

The Access to Records Act provides that any person may inspect and copy the public records of any public agency during regular business hours. Ind.Code § 5–14–3–3(a). The parameters of this broad grant of access are limited by certain exceptions one of which exempts investigatory records of law enforcement agencies. Ind.Code § 5–14–3–4(b)(1).

In addition to their contention that the Court of Appeals erroneously determined that the coroner's office was a law enforcement agency for purposes of the Act, Heltzel and *The Times* further argue that they are entitled to such information as is not investigatory and therefore accessible under section 6 of the Act. Appellants also urge that it is inconsistent and illogical to grant a blanket exclusion from disclosure to a county coroner's office as a "quasi-po-

lice agency" while conventional police and law enforcement agencies are required by the Act to disclose routine and basic information. Ind.Code § 5–14–3–5.

As expressly recognized in Ind.Code § 5–14–3–1, a fundamental philosophy of our constitutional form of representative government is that government is the servant of the people and not their master. The corollary necessity for maximum public access to information is a principle which requires vigilant protection. The questions raised by appellants directly impact these issues and merit the careful attention of this Court. I must therefore dissent from the denial of transfer.

SHEPARD, C.J., concurs.