Glen ROBISON, Appellant–Petitioner,

v.

DANA CORPORATION and Indiana Civil Rights Commission, Appellees–Respondents.

No. 27A05–9502–CV–54.

Court of Appeals of Indiana.

Oct. 24, 1995.

Michael C. Healy, Indianapolis, for Appellant.

Thomas M. Kimbrough, David R. Steiner, Barrett & McNagny, Fort Wayne, for Appellee, Dana Corporation.

## OPINION

FRIEDLANDER, Judge.

Glen Robison appeals the trial court's determination that the Indiana Civil Rights Commission (ICRC) correctly ruled that Dana Corporation (Dana) did not engage in unlawful discriminatory practices when it rejected his application of employment with the company.

We affirm.

The facts most favorable to the judgment are that Robison was born on April 25, 1965. He graduated from high school and has suffered from cerebral palsy since birth. Robison held several jobs which included work experience as a machine operator at the Veterans Administration Hospital in Marion during 1984–85, a janitor at a substance abuse center, and a groundskeeper at a mobile home park.

On September 14, 1988, Robison applied for a position with the Dana Corporation in Marion. Dana manufactures driveshaft components for automobiles and trucks. When Robison applied, there was an available opening for a machine operator. Robison qualified for this position, inasmuch as Dana required that its applicants have a high school diploma or its equivalent, along with prior work experience. While Dana hired only a handful of employees prior to 1988, three additional permanent employees were retained during the first six months of 1988, all of whom were placed in skilled trade positions. One of the new employees was blind in one eye.

On September 19, 1988, Charles Pritchett and Marliss Castle, the personnel specialists from Dana, interviewed Robison. While neither Pritchett nor Castle questioned Robison about his disability during the interview, Robison volunteered that he was handicapped when he entered the room. Robison was one of twenty people interviewed for the position. Although Robison qualified for the position along with all other applicants, he was not selected. On October 7, Robison received the following letter from Dana:

"Thank you for your interest in Dana Corporation, and for coming to the personnel office for your recent interview. We have reviewed the applications and notes from all the individuals, and have chosen several to be physicalled and possibly hired.

Even though you were not selected for future employment with Dana, we wish you much success in your job search. Again, thank you for your time...."

*Record* at 403.

On November 22, 1988, Robison filed a complaint with the Indiana Civil Rights Commission (ICRC), alleging that Dana had discriminated against him because of his disability. Following a hearing before an Administrative Law Judge (ALJ) on August 25, 1992,

an order was issued in Robison's favor. This order provided that Dana's rejection of Robison's employment application was an unlawful, discriminatory practice, and it ordered Dana to do the following: 1) pay Robison the sum of $22,373.93 in lost back pay, 2) cease and desist from refusing to hire applicants because of handicap, and 3) place Robison on its payroll and treat him, for all purposes, as if he had been hired in October, 1988, and rehired in February, 1989.

On December 18, 1992, the ICRC reversed the ALJ's decision, and Robison petitioned for judicial review in the Grant Circuit Court. The trial court affirmed the ICRC's decision and issued an order which provided in relevant part as follows:

This matter is before the Court for judicial review of an administrative decision made by the Indiana Civil Rights Commission.

Petitioner, Glen Robinson [sic], filed an unlawful discrimination charge against Dana Corporation with the Indiana Civil Rights Commission. Robinson [sic] alleged Dana unlawfully discriminated against him by failing to hire him, because he was handicapped. After hearings before a hearing officer and oral arguments, the Commission on March 26, 1993, entered a decision in favor of Dana Corporation.

Robinson [sic] filed his petition for judicial review on April 26, 1993.

### FINDINGS OF FACT

Robinson [sic] was born April 25, 1965 with cerebral palsy.

On September 19, 1988, Robinson [sic] along with nineteen (19) other individuals, were [sic] interviewed by Dana Corporation to fill one (1) entry level position of machine operator. The people conducting the interviews for Dana testified that all twenty (20) applicants met the general requirements for the job. When that occurs they assess the applicants based on how well they interview. Dana interviewors [sic] testified they did not hire Robinson [sic] because he interviewed poorly. They said he appeared nervous and was not as responsive to questions as some of the other applicants.

Robinson [sic] filed an unlawful discrimination charge against Dana because they did not hire him. After several hearings, the Indiana Civil Rights Commission entered its decision on March 26, 1993 in favor of Dana. The Commission decided there was a legitimate business reason for Dana's refusal to hire Robinson [sic]. Consequently, Robinson [sic] did not meet his burden of proving Dana unlawfully discriminated against him.

### CONCLUSIONS OF LAW

This is a judicial review of an administrative agency's decision. Therefore this Court may not reweigh evidence. Rather, this Court must determine only whether the agency's findings and decision are supported by substantial evidence.

Robinson [sic] encourages the Court to reweigh the evidence. Indeed, this Court would have to reweigh the evidence to find in favor of Robinson [sic] and set aside the decision of the Indiana Civil Rights Commission.

There is substantial evidence in the record to support the findings and decision of the Indiana Civil Rights Commission. Accordingly, this Court may not overturn that decision.

### JUDGMENT

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED BY THE COURT, that the verified petition for judicial review filed April 26, 1993, by Petitioner Glen Robinson [sic] is denied.

*Record* at 159.

Robison appeals and presents the following restated issue:

Did the trial court err in concluding that the order of the ICRC was supported by substantial evidence when it determined that Dana did not engage in unlawful discriminatory practices by not hiring Robison?

Judicial review of administrative agency decisions is governed by Ind.Code 4–21.5–1–1, *et seq.* (Administrative Orders and Proce-

dures Act). IC 4–21.5–5–14 provides in relevant part as follows:

"(a) The burden of demonstrating the invalidity of agency action is on the party to the judicial review proceeding asserting invalidity.

\* \* \* \* \* \*

(d) The court shall grant relief under section 15 [Ind.Code 4–21.5–5–15] of this chapter only if it determines that a person seeking judicial review had been prejudiced by an agency action that is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority or limitations, or short of statutory right;

(4) without observance of procedure required by law; or

(5) unsupported by substantial evidence."

This court is limited in its review of an administrative agency decision inasmuch as we do not reweigh the evidence or judge the credibility of witnesses in the process of determining whether the findings are supported by substantial evidence. *Indiana Dep't of Natural Resources v. United Refuse Co.* (1993), Ind., 615 N.E.2d 100; *Hamilton County Dep't of Pub. Welfare v. Smith* (1991), Ind.App., 567 N.E.2d 165. As long as the decision of the ICRC is supported by substantial evidence, this court will not reverse even if we would have reached a different result. *Indiana Civil Rights Comm'n v. Southern Indiana Gas & Electric Co.* (1995), Ind.App., 648 N.E.2d 674, *trans. denied.*

Under the Indiana Civil Rights Act,[1] the ICRC remains the ultimate authority in determining findings of fact. Upon judicial review, the trial court cannot weigh conflicting evidence. *Indiana Civil Rights Comm'n. v. Kidd & Co., Inc.* (1987), Ind. App., 505 N.E.2d 863, *trans. denied.* It is within the province of the ICRC to judge the credibility of witnesses, and neither this

court nor the trial court will substitute its judgment for that of the Commission. *Indiana Civil Rights Comm'n v. Weingart, Inc.* (1992), Ind.App., 588 N.E.2d 1288. If the findings the Commission ultimately adopts have a reasonably sound basis of evidentiary support based on a review of the record in its entirety, the agency's decision will be upheld. *Indiana Civil Rights Comm'n v. Wellington Village Apartments* (1992), Ind.App., 594 N.E.2d 518, *trans. denied.*

Following the ICRC's determination that the ALJ erred, the case was remanded, and the ALJ modified his findings. Prior to modification, Dana had presented the following objections:

"2. The Hearing Officer improperly found (with no evidence being presented at the hearing to support such a finding) that:

Robison has proven by preponderance of the evidence that the asserted reason for Dana's refusal to hire him is unworthy of credence. In response to the Complaint, at a time closer to the events, Dana has indicated in its answer to ICRC that the reason Robison was not hired was that Dana had 'single applicants whose backgrounds were more closely related to the needs of our current job requirements.' This conflict between reasons asserted by Dana cast sufficient doubt upon the credibility of its currently asserted reasons to make both unworthy of credence.

. . . . .

9. The Hearing Officer improperly found (with no evidence being presented at the hearing to support such a finding) that as a matter of law Robison proved by a preponderance of the evidence that the asserted reason for Dana's decision was pretext by showing that the asserted reason is unworthy of credence."

*Record* at 783–84.

While an employer is prohibited from denying employment on the basis of a physical or mental disability, *see* IC 22–9–1–2, it is the claimant's burden to show more than mere disappointment when he happens to fit

1. Ind.Code 22–9–1–1 *et seq.*

the characteristics of a protected class and is not offered a position of employment. To establish a *prima facie* case of disparate treatment, the plaintiff must show membership in a protected class, qualifications for the position, and different treatment than non-members of the class. *Ali v. Greater Fort Wayne Chamber of Commerce* (1987), Ind.App., 505 N.E.2d 141; *see also McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668.

▉ The record before us demonstrates that the personnel specialists from Dana interviewed and examined the twenty qualified candidates' relative qualifications. Dana's "desire to hire the more experienced or better qualified applicant is a non-discriminatory, legitimate, and common reason on which to base a hiring decision." *Holder v. Old Ben Coal Co.*, 618 F.2d 1198, 1202 (7th Cir.1980); *Pond v. Braniff Airways, Inc.*, 500 F.2d 161 (5th Cir.1974). An employer has discretion to choose among equally qualified candidates, provided the decision is not based on unlawful criteria. *Burns v. Terre Haute Regional Hospital*, 581 F.Supp. 1301 (S.D.Ind.1983). The validity of such a business decision need not be examined as long as the decision is made in good faith. *Robison v. City of Lake Station*, 630 F.Supp. 1052 (N.D.Ind.1986).

Robison's primary contention is that Dana's legitimate business reason for not hiring him is pretextual, in that Dana gave "shifting reasons" for not hiring him. *See* Appellant's Brief at 18, 22–23. Robison initially claims that Dana asserted no reason for the denial of his application and cites the letter he received along with the other eighteen applicants which thanked them for interviewing but indicated that someone else had been selected. The letter does not support Robison's claim of discrimination. It merely informed him that someone else had been selected and was a polite common business practice of providing him with the company's decision.

Robison next claims that Dana's statement indicating that it selected applicants whose backgrounds were more closely related to the needs of the current job requirements conflicted with the prior statement that Robison was qualified to hold the position.

The testimony of the Dana human resource personnel was that while Robison was qualified, he performed poorly in the interview. The interviewers had five to fifteen minutes in which to evaluate which of the twenty qualified applicants was to be chosen for the position. During the interviews, Pritchett and Castle were able to observe the general conduct of each applicant. Dana personnel were also afforded the opportunity to grasp a sense of the applicant's attitude and willingness to work. This subjective judgment was nothing more than a legitimate business decision, and it did not approach the level of unlawful discrimination.

There is no merit to Robison's contention that Dana's decision for not hiring Robison was pretextual. The evidence supports the findings and determination that Dana employed legitimate business reasons in choosing not to offer Robison a position. Robison is merely requesting that we reweigh the evidence which we will not do. *See Hamilton County Dep't of Pub. Welfare, supra; Weingart, supra.*

▉ Although there was no proof that Dana intentionally discriminated against Robison, a claimant may prevail if he can demonstrate that the educational requirements of the company or the interview process disparately impacts those with disabilities. *Wards Cove Packing Co. v. Atonio* (1989), 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733. Statistical information which a claimant seeks to introduce at trial may be invalid, however, if the sampling pool is too small, *see Mayor of Philadelphia v. Educational Equality League* (1974), 415 U.S. 605, 94 S.Ct. 1323, 39 L.Ed.2d 630, and the only relevant statistical pool consists of those who are qualified for the position. *See Hazelwood School Dist. v. United States* (1977), 433 U.S. 299, 97 S.Ct. 2736, 53 L.Ed.2d 768.

Robison maintains that handicapped applicants with high school diplomas or prior work experience or both were denied employment, and identifies two examples, including himself. *See* Appellant's Brief at 15–16. Beyond these examples, Robison points to no other evidence in an effort to prove

discrimination, and he did not establish the identity of these allegedly disabled individuals. Robison did not present evidence of the applicants' alleged disabilities, or that the interviewers had knowledge that any of the individuals were disabled. He did not establish whether the applicants may or may not have been one of a group of many qualified applicants, and generally failed to establish any evidence supporting a theory of disparate impact on the part of Dana in its hiring practices.

Robison also seeks to distinguish between the various types of handicaps and ignores the fact that Dana has hired people with disabilities. *See* Appellant's Brief at 16. Evidence was presented establishing that Dana hired at least as many qualified disabled applicants as it did *not* hire qualified disabled applicants. There is no support for Robison's claim that non-disabled applicants received systematically better treatment.

We also reject Robison's argument that discrimination occurred because Dana hired individuals who lacked the minimum required qualifications. Testimony presented by the three Dana witnesses established that all prospective employees were pre-screened by the Indiana Employment Security Division (the Division), and only those who met the minimum requirements were granted interviews. All out-placement sources were informed of the minimum requirements of the position and were requested to refer only those individuals who met the minimum requirements to the Division. The individuals Robison asserted were unqualified were those who were hired by Dana only as "vacation replacements," and there was no testimony demonstrating that the hiring requirements for these replacements were the same as those for full-time employees. Dana presented testimony from James Butz, the human resources manager at Dana, that the individuals Robison alleged were unqualified actually *did* meet the minimum qualification requirements. All applicants were pre-screened by the Division to determine that each met the minimum requirements for the position. Butz testified that he reviewed the applications of the individuals that Robison claimed did not have relevant prior experi-

ence and determined that only those with the required experience were hired.

In light of the above, Robison has failed to present a *prima facie* claim of disparate impact. The evidence demonstrates that Dana did not engage in hiring decisions which constituted unlawful discrimination against disabled applicants. Robison has not demonstrated that Dana's decision not to hire him was discriminatory, and the trial court did not err in affirming the ICRC's decision.

Judgment affirmed.

KIRSCH and STATON, JJ., concur.